WILLIAM GRITZ and wife, complainants,

*v.*

JOZEF SWARTZ et al., defendants.

GUTTENBERG BUILDING AND LOAN ASSOCIATION, complainant,

*v.*

GAETANO ZAPPULLA et al., defendants,

CARRIE KOCH, complainant,

*v.*

LUIGI ACINAPURA et al., defendants.

[Decided September 8th, 1932.]

*Mr. Herman Bosin,* for the complainants Gritz.

*Mr. Carl Weitz,* for the complainant Building and Loan Association.

*Messrs. Burke, Sheridan & Hourigan,* for the complainant Koch.

BIGELOW, V. C.

These are three foreclosure cases. In each suit the owner occupies personally the whole or a part of the mortgaged premises; the complainant asks for a receiver and for an order directing the owner to pay rent or surrender possession; the security is entirely inadequate and the bondsman irresponsible. There are special equities arising from failure to pay taxes, need of repairs, &c.

The reluctance of the court to require an owner to pay rent is well stated by Vice-Chancellor Berry in *Rehberger* v. *Wegener, 107 N. J. Eq. 391; 152 Atl. Rep. 700.* During the two years which have passed since that decision was rendered, the court has had a very wide experience in rent receiverships, and may use the experience to guide its discretion on these applications.

A receiver is appointed to protect the rights of complainant and other parties to the cause. He applies the income to repairing the property, to keeping down prior liens, and to accumulating a fund to make good in part an anticipated deficiency. When the owner lives or has his place of business in the mortgaged premises and is required to pay rent to a receiver, or vacate, and does the latter, it frequently happens that the receiver is unable to find a tenant. The property remains idle. The owner suffers; the mortgagee is benefited not a particle; the object of the receivership is completely frustrated.

In the case at bar in which Gritz and wife are complainants, they show that the reasonable value of the possession of the premises occupied by the owner is $60 a month; they express their confidence that it may be rented at this figure; they are also willing to bear all the expenses of the receivership. A receiver will be appointed; the defendant owner will be ordered to pay monthly rent of $60 or vacate. And it will be further ordered in the event the defendant quits the property, that complainant pay the receiver $60 a month, less any rental collected by the receiver from any other person.

In Koch's case, the owner Acinapura occupies part of the premises worth $75 a month. The mortgagee is unwilling to assume any responsibility in the matter. The order will provide that Acinapura may remain in possession so long as he pays the receiver $75 a month and, after default in such payment, until the receiver shall rent the property to another person at $75 a month or better, and shall give notice of such renting to Acinapura who shall thereupon, within fifteen days, surrender possession. I am uncertain of the efficacy of such an order. The receiver, who might be able to rent if the premises were vacant, may be unable to secure a tenant while the owner is actually holding on. But I am unwilling to go further in this instance.

The rental value of the property in the third case before the court is only $25 a month; it is too small to bother with. The owner's occupancy should not be disturbed pending the sale. Motion for a receiver denied.